Michael A. Siskin, Esq. (MS-1802)
Attorney At Law
17 Barstow Road, Suite 408
Great Neck, New York 11021
(516) 466-1233

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JACK ODINSKY,

                              Plaintiff,                  Index No. 05-CV-8726 (WHP)

   -against-

WALDBAUM, INC., a New York corporation, and
THE GREAT ATLANTIC & PACIFIC TEA CO., a
Maryland corporation.                                  **COMPLAINT**

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      JACK ODINSKY, by his attorney, MICHAEL A. SISKIN, ESQ., for his complaint against the defendants, alleges as follows:

**INTRODUCTION**

      1.     This is an action seeking equitable and monetary relief for the violation of rights guaranteed to the plaintiff by The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., The New York State Human Rights Law, Exec. Law § 296, The New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, including compensatory damages which include damages for mental anguish and humiliation, punitive damages, interest and costs including reasonable attorneys fees, and all other appropriate relief to which he is entitled under the law.

## JURISDICTION

2. Jurisdiction lies pursuant to 28 U.S.C. § 1331 in that certain claims in this action arise under the laws of the United States. This Court has supplemental jurisdiction over all state law claims in this action pursuant to 28 U.S.C. § 1367 because all of said claims are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

3. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

4. A charge of employment discrimination on the basis of age and retaliation was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practices alleged herein.

5. A Notification of Right to Sue was received from the EEOC on July 19, 2005.

6. This complaint is being filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

## PARTIES

7. Jack Odinsky ("Odinsky") is a natural person residing in Richmond County in the State of New York.

8. Odinsky is a 66 year-old male.

9. Odinsky was born on December 13, 1938.

10. Upon information and belief, Waldbaum, Inc. ("Waldbaum's") is a corporation organized and existing under the laws of the State of New York.

11. Upon information and belief, Waldbaum's principal place of business is located at 2 Paragon Drive, Montvale, New Jersey.

12. Upon information and belief, Waldbaum's is in the business of owning and managing large grocery stores, many of which contain pharmacies within them.

13. Upon information and belief, Waldbaum's employs in excess of 500 people.

14. Upon information and belief, The Great Atlantic & Pacific Tea Co. ("A&P"), a corporation organized and existing under the laws of the State of Maryland, is duly authorized to do business in the State of New York.

15. Upon information and belief, A&P's principal place of business is located at 2 Paragon Drive, Montvale, New Jersey, the same location as the principal place of business of Waldbaum's.

16. Upon information and belief, A&P wholly owns Waldbaum's.

17. Upon information and belief, A&P exerts such control over the day-to-day activities and work conditions of Waldbaum's employees, including Odinsky, and their environment that, for purposes of this action, A&P is an "employer" of Odinsky and the other Waldbaum's employees.

18. Upon information and belief, A&P is in the business of owning and managing large grocery stores, including Waldbaum's stores.

19. Upon information and belief, A&P employs in excess of 500 people.

20. Upon information and belief, A&P and Waldbaum's have at all times relevant herein acted as each other's agent and have approved, directed, controlled and/or acquiesced in all relevant actions of the other.

## STATEMENT OF FACTS

21. Odinsky is a Registered Pharmacist in the State of New York. He passed the New York State Pharmacist examination in or around 1961.

22. At all relevant times herein, Odinsky was a member in good standing of Local 338 Retail, Wholesale & Chain Store Food Employees Union (RWDSU/UFCW, AFL/CIO) ("the Union").

23. In or around January 8, 2001, Waldbaum's hired Odinsky as a full-time Union Pharmacist at an annual salary of around $100,000. Prior to commencing employment at Waldbaum's, Odinsky had almost forty (40) years of experience as a Pharmacist.

24. In January 2001, Odinsky was given a position as a "floater," a Pharmacist who would be assigned to various stores as the need arose.

### *The Collective Bargaining Agreement*

25. During the relevant time period, the relationship between Waldbaum's, its employees, including Odinsky, and the Union is governed by a written agreement entitled, "Agreement Between Waldbaum's Inc. (PHARMACISTS) and Retail, Wholesale, & Chain Store Food Employees Union Local 338" (the "CBA").

26. The relevant CBA was entered into by all parties in or around 2003 and made effective as of September 29, 2002 to expire on October 1, 2005.

27. At the time of the adverse actions taken against Odinsky by Waldbaum's and A&P, Waldbaum's and the Union were negotiating a new CBA.

28. Article 1 of the CBA, DEFINITION AND COVERAGE, reads in relevant part:

> (a) This agreement covers, and the term "employee" or "employees" as herein used includes all of the Employer's present and future full-time and part-time Supervising Pharmacists and Staff Pharmacists employed in all of the present and future supermarkets and stores with a pharmacy operated by the Employer in the City of New York and the State of New York.

29. Article 4 of the CBA, TRIAL PERIOD AND TENURE OF EMPLOYMENT, reads in relevant part:

4

>(i) If an employee is suspended by the Employer, the Employer's labor Relations Director (or Company designee) and the Union must meet within seven (7) work days from the time of the suspension to discuss the suspension. If no agreement is reached, the dispute may then be submitted to arbitration hereunder by either the Employer or the Union. Should the arbitrator decide that the suspension was not for just cause or that the length of suspension was too long, the Employer shall pay the employee for lost time as determined by the arbitrator.

30. Article 21 of the CBA, <u>NO DISCRIMINATION</u>, reads, "The Employer shall not discriminate against any employee because of race, color, religion, sex, age or national origin."

31. Article 24 of the CBA, <u>ARBITRATION</u>, reads in relevant part:

>(b) Should any dispute arise between the Employer and the Union or any employees concerning the interpretation or application of any of the terms and provisions of this Agreement, or any alleged breach of this Agreement, and the Employer and the Union shall be unable to adjust said dispute between themselves, the said dispute, at the request of either the Employer or the Union, shall be submitted to arbitration under the auspices of and in accordance with the then rules of the American Arbitration Association or a mutually agreed upon panel.
>\*\*\*
>(c) The sole remedy for any breach or threatened breach of this Agreement shall be arbitration as provided.

*Waldbaum's Promotes Odinsky*

32. On or around September 12, 2002, pursuant to a request by Odinsky, Waldbaum's promoted Odinsky to a full-time staff position at Waldbaum's store 27-230, located at 1441 Richmond Avenue on Staten Island New York ("Store 27-230").

33. Odinsky lived on Staten Island, approximately fifteen (15) minutes away from Store 27-230.

34. During the period from September 12, 2002 to November 15, 2004, Waldbaum's had five (5) stores located on Staten Island: Store 27-230, Store 27-238, Store 27-812, Store 27-813 and Store 27-890.

35. On or about November 15, 2004, Waldbaum's closed Store 27-812.

36. When Store 27-812 closed, the prescription files and inventory were transferred to Store 27-230, the store where Odinsky worked.

### *Waldbaum's Demotes Odinsky Without Cause*

37. On or about December 17, 2004, without any advance notice, Joe Voelkel, the District 27 Pharmacy Supervisor for Waldbaum's ("Voelkel") called Odinsky into a small room in Store 27-230 for a meeting.

38. Those present at the meeting included Voelkel, Odinsky, Carlos Sanchez, the Union Representative, and Jim McNally, Waldbaum's Assistant Director of Human Resources.

39. Voelkel told Odinsky that customers were complaining about Odinsky, and Waldbaum's believed Odinsky could not handle the additional business. On that basis, Voelkel said that Waldbaum's wanted to demote and reassign Odinsky to a floater position in the boroughs of the Bronx, Brooklyn and Queens.

40. Odinsky immediately denied that customers had complained about his work. Voelkel ceased discussing Odinsky's work performance and Waldbaum's has never again mentioned Odinsky's performance as a factor in its decision to demote Odinsky and reassign him as a floater in the boroughs of the Bronx, Brooklyn and Queens.

41. Shortly thereafter, Odinsky questioned his supervisor, Richard Goldman, and the Store Manager, Roy Halpern, if they had received any complaints from customers about Odinsky. Both admitted that they had not received any complaints about Odinsky or his work.

42. On or about December 20, 2004, Voelkel made a telephone call to Odinsky, informing him that his reassignment would commence on December 27, 2004.

43.     Upon information and belief, several floaters worked on Staten Island at the time Waldbaum's chose to demote and reassign Odinsky.

44.     Upon information and belief, those floaters on Staten Island were significantly younger than Odinsky.

45.     Upon information and belief, Odinsky was at least 15 years older than any other Pharmacist employed by Waldbaum's on Staten Island.

46.     Upon information and belief, Odinsky was at least 25 years older than two floaters who were working on Staten Island at that time.

47.     Upon information and belief, those floaters on Staten Island had much less experience as Pharmacists than Odinsky.

48.     Upon information and belief, Odinsky had the approval of his immediate supervisor at Store 27-230. Odinsky had never received a negative review from any supervisor at Store 27-230.

49.     Upon information and belief, Odinsky had many regular customers at Store 27-230 who greatly approved of Odinsky and his work and would seek out Odinsky specifically to handle their needs.

### *Waldbaum's Failed to Allow Odinsky His Right to Grieve His Demotion Under The Collective Bargaining Agreement*

50.     On or about December 20, 2004, Odinsky contacted his Union Representative to complain about, and to request that the Union object to, his demotion and reassignment. Odinsky believed that the CBA required Waldbaum's to choose employees for demotion and reassignment on the basis of their seniority, and Odinsky had seniority over most of the Pharmacists in his store, and on Staten Island.

51.     Odinsky continued to show up at Store 27-230 for his normally scheduled hours.

7

52. On or about December 28, 2004, Waldbaum's Director of Human Resources, Christine McMahon, called Odinsky in to a meeting with the Union representative. He was told he could not work because he was not on the schedule for Store 27-230. She told Odinsky he would have to accept his reassignment.

53. McMahon did not advise Odinsky of his right to arbitration, and did not allow Odinsky to arbitrate Waldbaum's decision to demote and reassign him prior to commencing and new and arduous work assignment.

54. Odinsky told McMahon that due to the difficulty of the commute, which on average would mean an additional two-and-a-half (2.5) to four (4) hours of commute time, he should be allowed to continue to work at Store 27-230 while the Union and Waldbaum's determined whether, given Odinsky seniority, Waldbaum's was allowed under the CBA to select Odinsky for demotion and reassignment. Odinsky complained that if he had to accept the reassignment before arbitration could determine whether it was improper under the CBA, he would have to endure extreme hardship by the proposed commute for many months while awaiting the outcome of an arbitration. McMahon insisted that Odinsky report to work at his newly assigned floater position. Odinsky refused.

55. On or about December 29, 2004, Waldbaum's suspended Odinsky from work, supposedly for failing to report for work at his reassigned location and for faxing Union members a letter containing his opinion about the new contract being negotiated by the Union and Waldbaum's, which is a protected activity.

56. Odinsky refuted certain facts that formed the basis of his suspension and objected to his suspension.

57. On or about January 4, 2005, before Odinsky could submit a grievance for his suspension, Waldbaum's terminated Odinsky's employment.

### *Waldbaum's Putative Reasons For Firing Odinsky Are False*

58. Upon information and belief, the reasons proffered by Waldbaum's for firing Odinsky are false.

59. Upon information and belief, Waldbaum's had no reason for selecting Odinsky for demotion and reassignment other than Odinsky's age.

60. Upon information and belief, Waldbaum's had no reason for suspending Odinsky other than his objection to and refusal to accept his illegal demotion and reassignment on the basis of his age.

61. Upon information and belief, Waldbaum's had no reason for terminating Odinsky other than his objection to and refusal to accept his illegal demotion and reassignment on the basis of his age.

62. As a result of Waldbaum's discrimination, Odinsky has suffered significant damage, and remains unemployed.

### FOR A FIRST CAUSE OF ACTION
### [ADEA – AGE DISCRIMINATION]

63. Odinsky is an "employee" as defined by the ADEA, 29 U.S.C. § 630(f) and Waldbaum's is an "employer" as defined by the ADEA, 29 U.S.C. § 630(b).

64. The aforementioned acts of Waldbaum's and A&P, through their employees, constitute unlawful discrimination against the plaintiff because of his age, in violation of the provisions of the ADEA.

65. Odinsky has suffered damages as a result of the unlawful discrimination.

## FOR A SECOND CAUSE OF ACTION
### [NYHRL - AGE DISCRIMINATION]

66. Odinsky repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

67. Odinsky is an "employee" and Waldbaum's and A&P are "employers" as defined by the New York State Human Rights Law.

68. The aforementioned acts of Waldbaum's and A&P constitute unlawful discrimination against the plaintiff because of his age, in violation of the provisions of the New York State Human Rights Law, Exec. Law § 296.

69. Odinsky has suffered damages as a result of the unlawful discrimination.

## FOR A THIRD CAUSE OF ACTION
### [NYCHRL - AGE DISCRIMINATION]

70. Odinsky repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. Odinsky is an "employee" and Waldbaum's and A&P are "employers" as defined by the New York City Human Rights Law.

72. The aforementioned acts of the Waldbaum's and A&P constitute unlawful discrimination against the plaintiff because of his age, in violation of the provisions of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107.

73. Odinsky has suffered damages as a result of the unlawful discrimination.

## FOR A FOURTH CAUSE OF ACTION
### [ADEA - RETALIATION]

74. Odinsky repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

10

75. Odinsky participated in a protected activity known to Waldbaum's and A&P.

76. Odinsky suffered an adverse employment action when Waldbaum's and A&P discharged him.

77. Waldbaum's and A&P discharged Odinsky because he had engaged in a protected activity.

78. The aforementioned acts of Waldbaum's and A&P constitute unlawful retaliation against the plaintiff because of his participation in a protected activity known to Waldbaum's and A&P in violation of the provisions of Title VII, 42 U.S.C. § 2000e-3, and the ADEA.

79. Odinsky has suffered damages as a result of the unlawful retaliation.

### FOR AN FIFTH CAUSE OF ACTION
### [NYHRL - RETALIATION]

80. Odinsky repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

81. Odinsky participated in a protected activity known to Waldbaum's and A&P.

82. Odinsky suffered an adverse employment action when Waldbaum's and A&P discharged him.

83. Waldbaum's and A&P discharged Odinsky because he had engaged in a protected activity.

84. The aforementioned acts of Waldbaum's and A&P constitute unlawful retaliation against the plaintiff because of his participation in a protected activity known to Waldbaum's and A&P in violation of the provisions of the New York State Human Rights Law, N.Y. Exec. Law § 296(3-a)(c).

85. Odinsky has suffered damages as a result of the unlawful retaliation.

11

## FOR A SIXTH CAUSE OF ACTION
## [NYCHRL - RETALIATION]

86. Odinsky repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

87. Odinsky participated in a protected activity known to Waldbaum's and A&P.

88. Odinsky suffered an adverse employment action when Waldbaum's and A&P discharged him.

89. Waldbaum's and A&P discharged Odinsky because he had engaged in a protected activity.

90. The aforementioned acts of Waldbaum's and A&P constitute unlawful retaliation against the plaintiff because of his participation in a protected activity known to Waldbaum's and A&P in violation of the provisions of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(7).

91. Odinsky has suffered damages as a result of the unlawful retaliation.

**WHEREFORE,** it is respectfully requested that the Court assume jurisdiction and:

a. Declare the conduct of the defendants to be violative of rights guaranteed to the plaintiff under the appropriate federal and state laws;

b. Award Odinsky a judgment for back pay, including but not limited to salary, bonus and benefits, with interest thereon from January 4, 2005, which amount is to be determined at trial, and it is believed to be an excess of $75,000;

c. Award Odinsky a judgment for front pay, including but not limited to salary, bonus and benefits, which amount is to be determined at trial, and it is believed to be in excess of $300,000;

   d.  Award Odinsky a judgment for compensatory and punitive damages, pursuant to Title VII, 42 U.S.C. § 2000e, et seq. (under 42 U.S.C. § 1981a(b)(3)), the ADEA(under 42 U.S.C. § 1981a), the New York State Human Rights Law, N.Y. Exec. Law § 296, et seq. (Exec. L. §297(4)(c)(iii)) and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, et seq. (N.Y.C. Admin. Code § 8-502), in an amount to be determined at trial, which amount is believed to be in an excess of $300,000;

   e.  Pursuant to the third and sixth causes of action, award Odinsky a judgment for damages for mental anguish in an amount to be determined at trial, which amount is believed to be in excess of $50,000;

   f.  Award Odinsky his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k), N.Y. Exec. 296 and N.Y.C. Admin. Code § 8-107;

   g.  For all causes of action, award Odinsky such other and further relief as the Court deems just, reasonable, appropriate and necessary to correct the illegality and wrong done unto Odinsky.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues in the above referenced matter.

Dated: New York, New York
   October 14, 2005

              _____/s/_____
              Michael A. Siskin, Esq. (MS-1802)
              Attorney At Law
              17 Barstow Road, Suite 408
              Great Neck, New York 11021
              (516) 466-1233